**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER L. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. <u>CIV-11-922-D</u> |
| | ) | |
| (1) CITY OF OKLAHOMA CITY, a | ) | |
| municipal corporation, | ) | |
| (2) LANCE BEMO, an individual, | ) | |
| (3) JURDEN BROWN, an individual, | ) | |
| (4) MATHEW NELSON, an individual, | ) | |
| (5) JEFF COOPER, an individual, | ) | |
| (6) JOHN BLUMENTHAL, an individual, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Christopher L. Tucker, and for his Complaint against the Defendants alleges and states as follows:

## THE PARTIES

1.      Christopher L. Tucker is an individual person who resides in Oklahoma City, Oklahoma County, Oklahoma.

2.      The City of Oklahoma City is a municipal corporation located in Oklahoma County, Oklahoma.

3.      Officer Lance Bemo is an individual who resides in Oklahoma and at the time of the incidents involved herein was employed as a police officer with the City of Oklahoma City, located in Oklahoma County, Oklahoma.

4.      Officer Jurden Brown is an individual who resides in Oklahoma and at the time of the incidents involved herein was employed as a police officer with the City of Oklahoma City, located in Oklahoma County, Oklahoma.

5.      Officer Mathew Nelson is an individual who resides in Oklahoma and at the time of the incidents involved herein was employed as a police officer with the City of Oklahoma City, located in Oklahoma County, Oklahoma.

6.      Officer Jeff Cooper is an individual who resides in Oklahoma and at the time of the incidents involved herein was employed as a police officer with the City of Oklahoma City, located in Oklahoma County, Oklahoma.

7.      Officer John Blumenthal is an individual who resides in Oklahoma and at the time of the incidents involved herein was employed as a police officer with the City of Oklahoma City, located in Oklahoma County, Oklahoma.

8.      Each individually named Defendant is an employee (past or present) of the City in the capacity of a police officer duly commissioned by the City of Oklahoma City, Oklahoma (referred to as "the Oklahoma City Police" or, alternatively, "the Oklahoma City Police Department") who was present during the incident described herein and acted unlawfully during the beat down described herein.

## JURISDICTION AND VENUE

9.      All acts complained of occurred in Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of Oklahoma and therefore venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391.

2

10.    The claims asserted herein arise from a physical beating and unnecessary and unlawful tazering of Christopher L. Tucker that was administered to him by the Oklahoma City Police Department on or about July 3, 2010 at the Walnut Square Shopping Center parking lot located at I-240 and Penn Ave. in the City of Oklahoma City, Oklahoma County, Oklahoma.

11.    This Court has jurisdiction over the claims asserted herein because a claim for relief is asserted herein under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims which arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

12.    Plaintiff has exhausted any administrative remedies by submitting a timely Tort Claim Notice on or about November 23, 2010. More than 90 days have elapsed since the filing of such Claim, and that the City has disallowed such Tort Claim Notice. Plaintiff is filing this action within applicable time limits after filing such Tort Claim Notice under the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. §151 *et seq.*

## GENERAL ALLEGATIONS

13.    On or about July 3, 2010, the Plaintiff and his girlfriend, Karen Hunter, had a disagreement at an apartment complex in Oklahoma City.  Ms. Hunter called the police because Plaintiff's car was blocking Hunter's vehicle from leaving the complex.  After retrieving some property, Plaintiff left the apartment complex.  There was no violence or anything physical with respect to the disagreement as shown by the security guard's report.

14.     Plaintiff is an African-American male who is employed as a security guard and is CLEET certified.  Hunter is an African-American female currently employed in Oklahoma City and is retired from the U.S. Air Force.

15.     After Plaintiff had left in his vehicle from the apartment complex, Hunter followed Plaintiff in her own vehicle.  Eventually an Oklahoma police vehicle began following Plaintiff's vehicle with Hunter following behind.  After the police car turned on its lights, Tucker proceeded in a very safe speed to a safer part of town that was well lit.  Plaintiff pulled into the Walnut Square Shopping Center parking lot located at I-240 and Penn Ave.  At this point, there were several Oklahoma City police cars present as if some violent crime had been committed and Hunter became extremely concerned for Plaintiff's safety and well-being.

16.     Upon exiting his vehicle, Plaintiff was approached by several officers with guns drawn.  Plaintiff lied down spread eagle on the pavement and at no point did he resist.  What followed was an unnecessary and cruel beat down of the Plaintiff, including tazering the Plaintiff approximately 10 times.  Plaintiff's head was slammed into the pavement, he was kicked in the ribs, his arms were bent backwards, his legs were bent backwards into a figure four, his knee was slammed into the concrete, a pressure point was applied behind his right ear, and the officers laughed and shouted at the Plaintiff that, "this will teach you to mess with the f…ing Oklahoma City police.," "we are going to f..k you up," "we are the mother f…ing police mother f…er," and made other similar comments.

17.     Hunter was present at the scene and continued to tell the officers to stop and informed the officers present that the Plaintiff had a severe heard condition.  Plaintiff also shouted several times to the officers during the beat down that he had a heart condition, but the officers ignored him and even laughed at his assertion that he had such a condition.

18.     The Defendants physically beat the Plaintiff and tazered him multiple times despite no resistance from the Plaintiff.  As a result of the beating, Plaintiff suffered numerous injuries, temporary and permanent in nature, has underwent several surgeries, has incurred significant medical bills, and suffered emotional trauma as a result of the incident.

19.     Before placing Plaintiff into the patrol car, Defendant Bemo went through Plaintiff's wallet and explained to Plaintiff how Bemo would get him fired from his job and get his CLEET license revoked.  Thereafter, Bemo did contact Plaintiff's employer and his direct supervisor as part of Bemo's effort to defame Plaintiff and interfere with Plaintiff's employment and damage his reputation and job.  The officers further used excessive force when they shoved Plaintiff into the patrol car causing Plaintiff to hit his head on the door frame.

20.     The entire beating of Plaintiff, including the amount of tazering, constituted greatly excessive force than what was reasonably necessary under the existing circumstances and/or what an ordinary, prudent police officer would have used under the circumstances.

21.     The City of Oklahoma City does not provide adequate training to train its officers on the proper use of force and the proper procedure and situations that warrant tazering a suspect.  In addition, the City of Oklahoma City does not counsel and motivate police officers to report the wrongdoings of their fellow officers.

22.     The City of Oklahoma City does not provide adequate supervision and discipline to its officers and therefore condones their lawlessness. The City of Oklahoma City has had knowledge of a pattern of tortious conduct by its officers, including improper and excessive use of tazering, but has acted with deliberate indifference toward the conduct and the protection of its citizens. This deliberate indifference has led to the beating of Plaintiff and unlawful tazering of the Plaintiff.

23.     The City of Oklahoma City does not provide adequate training to its officers to provide medical attention to those persons injured by its officers. The City of Oklahoma City acts with deliberate indifference toward the medical needs of those it arrests.

24.     The excessive force used against Plaintiff as described in this Complaint was committed against him under color of law and violated his constitutional rights inasmuch as it deprived him of due process under the law and other constitutional rights.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (OUTRAGE)

25.     Paragraph Nos. 1-24 are re-alleged and adopted as if set forth at length.

26.    The Defendants' conduct was totally outrageous and beyond all bounds of decency in a civilized society. As a result of the Defendants' conduct, Plaintiff has suffered extreme emotional distress and physical injuries for which all Defendants are liable.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all Defendants for an amount that will reasonably compensate him for his physical and emotional injuries, punitive damages in an amount to exemplify the Defendants and to deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

## SECOND CLAIM FOR RELIEF
### (CIVIL RIGHTS VIOLATION UNDER 42 USC § 1983)

27.    Paragraph Nos. 1-26 are re-alleged and adopted as if set forth at length.

28.    The conduct described herein constitutes a violation of Plaintiff's rights, as a citizen of the United States, under 42 U.S.C. § 1983 to be free from unreasonable arrest and seizure, to be free from excessive force and brutality, and to be free from violations of his rights to due process of law. Each of the Defendants set forth herein are responsible and liable for such violations.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all Defendants for an amount that will reasonably compensate him for his physical and emotional injuries, punitive damages in an amount to exemplify the

Defendants and to deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

## THIRD CLAIM FOR RELIEF
## (ASSAULT AND BATTERY)

29.     Paragraph Nos. 1-28 are re-alleged and adopted as if set forth at length.

30.     The beating of Plaintiff as set forth above constitutes an assault and battery for which Defendants herein are responsible and liable. Plaintiff has suffered painful injuries as a result of the assault and battery by the Defendants as well as emotional trauma.

31.     The beating of Plaintiff was reckless, willful, intentional, malicious and with the specific intent to cause him physical and mental harm, such conduct being life threatening to humans. To exemplify the Defendants and to discourage them and other police officers and cities from the same and similar conduct, Plaintiff is entitled to be awarded punitive damages in an amount sufficient to serve the purposes of punitive damage awards.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for an amount that will reasonably compensate him for his injuries, punitive damages in an amount to exemplify the Defendants and to deter them and others similarly situated, a reasonable attorney's fee, costs of the action and all other relief to which Plaintiff may be entitled.

## FOURTH CLAIM FOR RELIEF
## (TORTIOUS INTERFERENCE)

33.     Paragraph Nos. 1-32 are re-alleged and adopted as if set forth at length.

34.     Officer Bemo engaged in unlawful and malicious acts to improperly and tortiously interfere with Plaintiff's employment.  Such actions included engaging in unlawful defamation and an attempt to get Plaintiff fired from his job, which such conduct and activities were neither justified, privileged, nor excusable.  Plaintiff has suffered damages as a direct result of Bemo's unlawful interference.

35.     The actions to interfere with Plaintiff's employment were reckless, willful, intentional, malicious and with the specific intent to cause Plainitff economic and proprietary harm.  To exemplify Bemo and to discourage them and other police officers and cities from the same and similar conduct, Plaintiff is entitled to be awarded punitive damages in an amount sufficient to serve the purposes of punitive damage awards.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for an amount that will reasonably compensate him for his injuries, punitive damages in an amount to exemplify the Defendants and to deter them and others similarly situated, a reasonable attorney's fee, costs of the action and all other relief to which Plaintiff may be entitled.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A.      Actual and compensatory damages, and any other remedy, under 42 U.S.C. § 1983 to be proven at trial, but in excess of $100,000.00;

B.      $125,000.00 for each incident of tortuous conduct under the Oklahoma Governmental Tort Claims Act;

C.      For costs, including expert witness fees, and attorney fees pursuant to Section 1983 and Section 1988;

D.      Punitive damages under state law and Section 1983;

E.      For such other relief as this Court deems equitable and appropriate or allowed by law.

Respectfully submitted,

*s/Blake Sonne*
Blake Sonne, OBA# 20341
SONNE LAW FIRM, PLC
P.O. Box 667
Norman, OK  73070
(405) 664-2919
(405) 321-8897 (fax)

**ATTORNEY FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**