IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER L. TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-922-D |
| | ) |
| CITY OF OKLAHOMA CITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Motion of Defendant City of Oklahoma City to Dismiss It From Plaintiff's Eighth Amendment Claim and Request for Punitive Damages at ¶ 31 of the Amended Complaint [Doc. No. 23], filed pursuant to Fed. R. Civ. P. 12(b)(6). The Motion is directed at the First Amended Complaint and, specifically, two narrow issues. First, the City contends Plaintiff's claim under 42 U.S.C. § 1983 improperly alleges a violation of the Eighth Amendment because Plaintiff was a pretrial detainee during the events in question. Second, the City contends it cannot be liable under Plaintiff's alleged tort theories and cannot be liable for punitive damages. The Motion is fully briefed and at issue.

Plaintiff brings suit under § 1983 and state law for injuries allegedly suffered during an encounter in July, 2010, with officers of the Oklahoma City Police Department (OCPD). He has sued the City and five individual police officers. Plaintiff alleges he was subjected to excessive force by the officers and was denied medical attention. As to the City, Plaintiff alleges that OCPD failed to adequately train and supervise its officers with regard to the type

of conduct committed. Also, Plaintiff alleges that one police officer contacted Plaintiff's employer after the incident in an effort to get Plaintiff fired from his job as a security guard. The First Amended Complaint asserts three claims: 1) a tort claim of outrage against the individual OCPD officers named as defendants; 2) a § 1983 claim against all defendants for alleged violations of Plaintiff's rights under the Fourth Amendment and the Eighth Amendment; and 3) a claim of tortious interference with contractual relations against the officer who contacted Plaintiff's employer. Plaintiff seeks to recover compensatory damages and, as to the individual defendants, punitive damages.

## Standard of Decision

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Discussion**

The City first moves for dismissal of any § 1983 claim that is based on an alleged violation of the Eighth Amendment, which protects convicted prisoners from cruel and unusual punishment. The City notes that Plaintiff's claim concerns only an arrest and pretrial detention; there is no allegation of a criminal conviction. In response, Plaintiff argues that a denial of medical care to a detainee violates the Eighth Amendment, citing *Callahan v. Poppell*, 471 F.3d 1155 (10th Cir. 2006).

Plaintiff's constitutional argument is incorrect; it relies on a case that involved a convicted prisoner, not a pretrial detainee. *See id*. at 1157. The law is clear that "the Eighth Amendment does not apply until after an adjudication of guilt." *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). However, "pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates," except the Eighth Amendment standard is applied under the Due Process Clause of the Fourteenth Amendment. *See id*.; *see also Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009); *Barrie v. Grand County*, 119 F.3d 862, 867-68 (10th Cir. 1997) (discussing cases). Thus, while in police custody, Plaintiff was constitutionally protected from a denial of medical care under the same legal standard applicable to prisoners under the Eighth Amendment, but the pertinent constitutional provision is the Fourteenth Amendment.

Plaintiff's legal error does not warrant a dismissal of his inadequate medical care claim. In the § 1983 context, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated [the plaintiff's] constitutional rights, and that

those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which [the plaintiff's] claim is made." *See Robbins*, 519 F.3d at 1249. Here, the Court finds that the First Amended Complaint provides adequate notice to the City of the nature of Plaintiff's claim. Plaintiff's failure to cite the Fourteenth Amendment, instead of the Eighth Amendment, is not fatal to his § 1983 claim.

The City also moves for dismissal of any tort claim and any request for punitive damages asserted against the City. However, the Court has examined the First Amended Complaint and agrees with Plaintiff that it cannot reasonably be read to plead a tort claim against the City or to seek the recovery of punitive damages from the City. Accordingly, the Court finds this aspect of the Motion is moot.

## Conclusion

For these reasons, Plaintiff is entitled to proceed with a § 1983 claim that he was denied adequate medical care in violation of the Fourteenth Amendment; the City's request for dismissal of a tort claim or prayer for punitive damages against it presents no issue for decision.

IT IS THEREFORE ORDERED that Motion of Defendant City of Oklahoma City to Dismiss [Doc. No. 23] is DENIED.

IT IS SO ORDERED this 25th day of January, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE