IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER L. TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-922-D |
| | ) |
| CITY OF OKLAHOMA CITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court are the Motion in Limine of Defendants Bemo, Brown, Nelson, and Cooper [Doc. No. 89], and Plaintiff's Motion in Limine [Doc. No. 94]. The Motions are fully briefed and at issue.

The jury trial of this civil rights action will involve a claim under 42 U.S.C. § 1983 that the moving defendants, who are Oklahoma City police officers, used excessive force in violation of the Fourth Amendment in arresting Plaintiff, and a supplemental state law claim that three officers are liable for intentional infliction of emotional distress. Each side, Plaintiff and Defendants, seeks to prohibit the opposing side from introducing evidence and argument regarding certain matters, primarily on grounds that the matters are irrelevant under Rule 401, Fed. R. Evid., or unduly prejudicial under Rule 403.

**A.     Plaintiff's Motion**

Plaintiff seeks to exclude evidence regarding the following matters: 1) the source of payments for his attorney fees and expenses in this case or any prior court proceedings, including a municipal court case related to the incident; 2) the time or circumstances under

which Plaintiff engaged an attorney in this case; 3) Plaintiff's failure to produce or call a particular witness; 4) other litigation by Plaintiff related to the underlying events, including a state court action against attorneys who defended his municipal charge; 5) Plaintiff's "mug shots" or photos taken by police of Plaintiff; and 6) improper evidence regarding Defendants' character, such as awards, commendations, letters of appreciation, or similar evidence.

Defendants have responded in opposition to the Motion only with regard to the exclusion of photographs taken by police officers. Defendants state that Defendant Cooper took photographs of Plaintiff at the scene for a use-of-force investigation and that this photographic evidence of Plaintiff's physical condition immediately after his encounter with the officers is relevant to both the force used and the injuries sustained. Regarding the remaining subjects of Plaintiff's Motion, Defendants state they do not anticipate offering such evidence, except as it may become necessary for impeachment or rebuttal purposes.

Upon consideration of the parties' arguments, the Court finds that the photographs taken by Defendant Cooper are relevant to the trial issues and that the probative value of this evidence is not outweighed by a potential for unfair prejudice, as argued by Plaintiff in his Motion. *See United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) ("Under Rule 403's balancing test, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value.") (emphasis in original). Therefore, to this extent, Plaintiff's Motion is denied.

Regarding other subjects, Plaintiff's Motion presently raises no issue for decision by the Court. If during the trial, however, other evidence addressed by Plaintiff's Motion should become relevant to credibility or other issues to be decided, defense counsel is instructed to give advance notice outside the presence of the jury to the Court and opposing counsel of their intent to introduce such evidence so that a timely evidentiary ruling can be made.

**B.      Defendants' Motion**

Defendants seek to exclude evidence regarding the following matters: 1) written policies and procedures of the Oklahoma City Police Department; 2) an administrative investigation of the subject incident; 3) past disciplinary actions and other complaints of excessive force against Defendants; 4) other instances involving the use of tasers by Oklahoma City police officers; 5) a former defendant in this case, John Blumenthal; and 6) matters addressed in the Court's summary judgment order, as discussed *infra*.

   **1.      Police Policies and Procedures**

Plaintiff has listed as trial exhibits several written policies adopted by the City of Oklahoma City's police department. These documents currently appear in the case record as exhibits to a motion for summary judgment filed by the City of Oklahoma City (and Plaintiff's response thereto), which was granted. The defendant officers contend that municipal policies and procedures are irrelevant to the trial issues and, to the extent a particular policy sets a higher standard of conduct than required by the Constitution, the admission of the policy will confuse the jury regarding the issues to be decided. Defendants argue that introducing the applicable operating procedure regarding the use of tasers, for

example, may divert jurors' attention from the constitutional standard and "subject the defendant officers to unfair prejudice based on 'unrealistic second guessing' of the decisions made at the scene." *See* Defs.' Motion [Doc. No. 89] at 6.[1]

In opposition to this aspect of Defendants' Motion, Plaintiff attempts to distinguish the legal authority on which it is based, *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005). He argues that because some of the municipal policies in this case incorporate constitutional standards, these policies are relevant to show Defendants' conduct was unreasonable and violated the Fourth Amendment.

The Court is not persuaded by Plaintiff's argument. The constitutional standard governing excessive force claims under the Fourth Amendment is "objective reasonableness under the circumstances." *See Graham v. Connor*, 490 U.S. 386, 399 (1989). The jury will be instructed on how to determine whether this standard was violated by the officers in this case. The requirements of municipal policies governing the officers' conduct have no bearing on this issue, regardless whether the policies are consistent with or more stringent than what the Fourth Amendment requires. *See Tanberg*, 401 F.3d at 1163-64. Nor is the officers' knowledge of the appropriate standard relevant to a § 1983 claim, as argued by Plaintiff, because the subjective knowledge or intent of the officers has no place in the constitutional inquiry. *See Tanberg*, 401 F.3d at 1168 ("Under this objective standard,

---

[1] Defendants argue that an amended taser policy adopted after Plaintiff's arrest should be excluded as a subsequent remedial measure that is inadmissible under Rule 407. Because Plaintiff makes no response to this argument, the Court understands the taser policy proposed for admission is the one in effect in July, 2010, which Plaintiff submitted in opposition to summary judgment.

evidence tending to show [an officer's] subjective state of mind is irrelevant to the jury's proper inquiry."). Plaintiff does not argue that this evidence is admissible with regard to his state law tort claim.[2] Therefore, the Court finds the municipal policies at issue are irrelevant to the trial issues addressed by the parties.

For these reasons, this part of Defendants' Motion is granted.

## 2. Administrative Investigation

Defendants also seek to exclude evidence regarding an internal investigation by the Oklahoma City Police Department of the officers' use of force against Plaintiff, including the testimony of witnesses who participated in the investigation. Defendants again rely primarily on *Tanberg*, in which the Tenth Circuit stated:

> That an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant. If [the defendant officer] violated the [standard operating procedure] governing the use of force in effecting arrest, that fact might well be pertinent to the . . . Police Department's future decisions to promote, retain, or discipline him; it is not relevant to determining if Plaintiffs' arrest violated the reasonableness requirement of the Fourth Amendment.

*Tanberg*, 401 F.3d at 1163-64. In *Tanberg*, however, evidence regarding the investigation was also excluded because it involved "contradictory results" in which a disciplinary decision was reversed by a review committee, and evidence concerning the "convoluted proceedings" would have been a "time-consuming detour through a tangential and

---

[2] Notably, however, the legal standard governing Plaintiff's claim of intentional infliction of emotional distress measures the defendant's conduct by reference to "an average member of the community." *See Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). Thus, police department policies regarding officer conduct also appear to have no bearing on this claim.

tendentious issue." *See id*. at 1164-65. Plaintiff argues that this case does not involve a similar potential for waste of trial time or jury confusion.

Although no party informs the Court regarding the facts of the investigation, Defendants do not disagree that the investigation in this case was not "convoluted." They take the position, however, that "administrative investigations should be presumed to be inadmissible in § 1983 cases" and "Plaintiff should have to overcome this presumption." *See* Defs.'s Reply Br. [Doc. No. 102] at 4. Defendants' only citation of authority for such a presumption is *Tanberg*.

Upon consideration, the Court finds that Defendants' argument overstates the holding of *Tanberg*. The Tenth Circuit did not adopt an evidentiary presumption for civil rights cases regarding departmental investigations of police officers' conduct. As with any proposed evidence, however, the first question to be decided is whether it is relevant to the trial issues. Plaintiff argues that evidence regarding the investigation in this case is admissible to prevent jury speculation about whether an investigation occurred and what conclusion was reached. He also argues that information from the investigation may be relevant for impeachment purposes, and may assist the fact-finder in determining "what exactly took place during Plaintiff's arrest, given the high probability of conflicting and contradictory testimony between both Plaintiff and Defendants and between and among Defendants themselves." *See* Pl.'s Resp. Br. [Doc. No. 100] at 6.

A report of the investigation conducted in this case was submitted as part of the summary judgment record as a sealed exhibit [Doc. No. 62]. The report reflects statements

6

of the participant officers, their supervisor, and others, and materials that would not otherwise be admissible, such as Plaintiff's "rap sheet." As to each of Defendants Bemo, Brown, and Nelson, the conclusion was that the use of force was consistent with departmental policies and guidelines, including the taser policy. It is unclear how the fact that an investigation occurred or that these conclusions were reached would be helpful to the jury. Jurors will be instructed that they are required to base their decision on trial evidence and speculation is prohibited. Accordingly, the Court finds that Plaintiff has failed to explain why evidence regarding the investigation is relevant to his claims.

As to potential uses of parts of the investigation (such as witness statements) for impeachment purposes, Plaintiff does not identify any inconsistencies between information obtained in the investigation and anticipated testimony of witnesses. Thus, the Court is presently unable to evaluate Plaintiff's proposed use of the investigation for that purpose. Accordingly, the Court will grant this part of Defendant's Motion without prejudice to revisiting the issue at trial, if appropriate. Plaintiff's counsel is instructed to give advance notice to the Court and opposing counsel outside the presence of the jury of counsel's intent to utilizing evidence from the internal investigation for impeachment purposes so that a timely evidentiary ruling can be made.

### 3. Prior Disciplinary Actions and Other Uses of Force

Defendants contend evidence that some officers have previously been disciplined or accused of excessive force is inadmissible under Rule 404(b). They argue that this evidence concerns other acts or wrongs, and is not admissible for any purpose permitted by

7

Rule 404(b) because an individual officer's intent or motive is irrelevant under the objective standard applicable to Plaintiff's § 1983 claim. Defendants again rely on *Tanberg*, in which the Tenth Circuit held that the trial court properly excluded evidence of other instances where the defendant officer had allegedly used excessive force. *See Tanberg*, 401 F.3d at 1168-69.

Without citing any legal authority, Plaintiff's response brief presents an argument that is inconsistent with *Tanberg*. He argues that prior violations of departmental policies or the Fourth Amendment are "relevant to prove knowledge of the constitutional standard, intent to violate that standard, and absence of mistake with respect to violations that occurred during Plaintiff's arrest." *See* Pl.'s Resp. Br. [Doc. No. 100] at 7 (emphasis omitted).

The Court is not persuaded by Plaintiff's argument. Under the objective standard applicable to his § 1983 claim, "evidence tending to show [a defendant officer's] subjective state of mind is irrelevant to the jury's proper inquiry." *See Talberg*, 401 F.3d at 1168. Further, to the extent that Defendants' intent is relevant to Plaintiff's state law tort claim (which he does not address in his brief), "evidence suggesting that [a defendant officer] had been accused of using excessive force in making other arrests could also suggest to a jury that [the officer] is prone to the use of excessive force," and "the potential of the other acts evidence to create unfair prejudice is clear." *Id.* at 1169. In the absence of any argument by Plaintiff showing why the probative value of any particular evidence justifies its admission, the Court finds that evidence of Defendants' prior disciplinary infractions or other complaints of excessive force should be excluded.

For these reasons, this part of Defendants' Motion is granted.

### 4. Other Taser Incidents

Defendants also ask the Court to exclude evidence of unrelated incidents in which Oklahoma City police officers have used tasers to subdue or arrest other individuals. They contend this evidence has no bearing on any trial issue because no claim of municipal liability remains. Plaintiff makes no response to this argument. Therefore, Defendants' Motion is granted with respect to other taser incidents.

### 5. John Blumenthal

Defendants seek to prevent Plaintiff from calling a police officer who was originally named as a defendant, John Blumenthal, as a trial witness. The Court granted summary judgment to Officer Blumenthal based on the lack of any admissible evidence that he participated in the use of force against Plaintiff. Defendants anticipate that Plaintiff intends to ask Officer Blumenthal whether he was present at the scene only to impeach his testimony with evidence of a prior conviction "and thereby cast aspersions by association on the other officers." *See* Defs.' Motion [Doc. No. 89] at 13. They argue that "any testimony by or about Officer Blumenthal should be excluded under Rule 403." *Id.* at 14.[3] Alternatively, Defendants assert that if Plaintiff is allowed to call Officer Blumenthal as a witness, Plaintiff should be prohibited from introducing evidence "regarding prior complaints against him, and

---

[3] Defendants also express concern that Plaintiff will employ this same tactic concerning another listed witness, Jay Digby, whom Plaintiff proposes to call to testify about his part in the administrative investigation of Plaintiff's complaint against the officers and to impeach him with evidence of misconduct. The Court has ruled that evidence of the administrative investigation is inadmissible, and Plaintiff has not identified any other basis for calling Mr. Digby as a witness. *See* Pl.'s Resp. Br. [Doc. No. 100] at 8. Therefore, the Court finds that the admissibility of Mr. Digby's testimony (or related impeachment evidence) is no longer a contested issue and is moot.

9

any evidence regarding his termination and reinstatement," including a criminal conviction.[4] Defendants acknowledge that evidence of a witness's criminal conviction may be admitted under Rule 609, but they argue it should be excluded with regard to Officer Blumenthal pursuant to Rule 403.

Plaintiff asserts that he should be permitted to question Officer Blumenthal about Officer Blumenthal's presence at the scene and what he observed. Plaintiff proposes to introduce impeachment evidence if Officer Blumenthal denies he was present so the jury can "conclude that Mr. Blumenthal was present and draw whatever inferences they believe are reasonable from his silence as to the events of that evening and the conduct of his brother officers." *See* Pl.'s Resp. Br. [Doc. No. 100] at 8 (emphasis in original). Plaintiff also contends Officer Blumenthal's testimony might be useful for impeachment purposes with respect to Defendants who testify about whether or not Officer Blumenthal was present.

Although the proposed Final Pretrial Report filed by the parties reflects that Officer Blumenthal was deposed, no party informs the Court about the substance of his testimony regarding the events in question, or provides any factual basis for evaluating the relevance of his anticipated testimony. Although it is generally improper to call a witness for the sole purpose of impeaching that witness, on the present record, the Court cannot say that Plaintiff should be prohibited from calling Officer Blumenthal as a witness. Similarly, the Court has insufficient information to conduct a Rule 403 balancing test regarding any prior criminal conviction of Officer Blumenthal. Accordingly, the Court finds that these issues must be decided in the context of the trial evidence. The Court directs Plaintiff's counsel, however,

---

[4] The crime of which Officer Blumenthal was convicted is not identified.

to seek a ruling on the issues raised by Defendant's Motion regarding Officer Blumenthal by providing advance notice outside the presence of the jury before calling him as a witness.

### 6. Matters Allegedly Resolved by the Summary Judgment Order

Defendants assert that Plaintiff should be precluded from presenting some arguments and evidence based on various parts of the Order of September 20, 2013, which granted summary judgment to Defendants on § 1983 claims related to Plaintiff's arrest and certain state law claims. Specifically, Defendants contend Plaintiff should be prohibited from speculating that records of Defendants' taser use were falsified, that Officer Bemo was reprimanded for contacting the Council on Law Enforcement Education and Training (CLEET) about Plaintiff, and that Officer Bemo contacted Plaintiff's employer (Norman Regional Hospital). Defendants also contend Plaintiff (or his counsel) should be prohibited from arguing that Plaintiff had no obligation to stop for police officers or they had no right to pursue him.

In response to these issues, Plaintiff asserts, correctly, that the September 20 Order does not preclude the admission of evidence that is relevant to the remaining factual issues. He argues that Officer Bemo's contact with CLEET is relevant to his claim of intentional infliction of emotional distress and that the underlying circumstances of his arrest are relevant to his excessive force claim.

Upon consideration of Defendants' arguments, the Court has some concern that they overstate the significance of the September 20 Order. Any factual findings stated by the Court were based on the summary judgment record presented by the parties. If Plaintiff has additional evidence or evidence different from what was previously submitted, he is not

precluded from proffering it for trial. Further, in denying summary judgment on Plaintiff's claim of intentional infliction of emotional distress, the Court did not make any ruling regarding evidence relevant to that claim, as argued by Defendants. On the other hand, Plaintiff's counsel must conform his arguments to the trial evidence and correct statements of the law, including the Court's ruling that Defendants had probable cause to arrest Plaintiff. To this limited extent, Defendant's Motion regarding matters resolved by the summary judgment order is granted.

IT IS THEREFORE ORDERED that Defendants' Motion in Limine [Doc. No. 89] is GRANTED in part and DENIED in part, as set forth herein, and Plaintiff's Motion in Limine [Doc. No. 94] is DENIED.

IT IS SO ORDERED this 2nd day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE